IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCOS GARCIA | : | |
| | : | CIVIL ACTION No.: |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WALMART STORES EAST, LP | : | |
| RICH FAULK | : | |
| WALMART REAL ESTATE BUSINESS TRUST | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Removing Defendants, Walmart Stores East, LP., Rich Faulk, and Walmart Real Estate Business Trust (collectively "Walmart" or "Walmart Defendants"), by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. U.S.C. § 1441(a) and (b) and § 1446(b) and (c)(2) to remove this action from the Philadelphia County Court of Common Pleas, September Term, 2022, No. 01450 where it is currently pending to the United States District Court for the Eastern District of Pennsylvania and in support thereof aver as follows:

1.   On or about September 16, 2022, Plaintiff, Marcos Garcia (hereinafter "Plaintiff"), initiated a civil action by filing a Complaint in the Court of Common Pleas of Philadelphia County, September Term, 2022, No. 01450. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.   On or about October 18, 2022, the Walmart Defendants filed an Answer with Affirmative Defenses. A true and correct copy of the Answer is attached hereto as Exhibit "B."

3. In the Complaint, Plaintiff avers that he sustained injuries when he slipped on a puddle of water on the floor in the Walmart store located in Reading, Pennsylvania. *See* Exhibit "A," ¶¶ 6-9.

4. Plaintiff avers that as result of the incident he sustained "…various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement..." *See* Exhibit "A," ¶ 12.

5. Plaintiff avers that he sustained "…a great loss of earnings and/or earning capacity…" *See* Exhibit "A," ¶ 15.

6. Plaintiff avers that he "…has also insured or will incur medical, rehabilitative and other related expenses…" *See* Exhibit "A," ¶ 16.

7. In his prayer for relief, Plaintiff avers that the value of the compensatory damages he seeks exceeds the value or sum of seventy-five-thousand dollars ($75,000). *See* Exhibit "A" ad damnum clause.

8. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly joined parties are citizens of different states and the value of the matter in controversy exceeds $75,000.

**A. PLAINTIFF IS DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS**

9. Plaintiff resides at 233 N. 6th Street in Reading, Pennsylvania and is upon information and belief a resident of the Commonwealth of Pennsylvania. *See* Exhibit "E."

10. Walmart Stores East, LP (more properly identified as Wal-Mart Stores East, LP) is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

11. Rich Faulk is an adult individual who is a citizen and resident of the Commonwealth of Pennsylvania with a home address of 1800 Tilden Ridge Road in Hamburg, Pennsylvania. Faulk was an Assistant Manager who had no direct involvement with the cause of Plaintiff's injuries and may not have been present at the store when plaintiff was injured as

alleged. Upon information and belief, Faulk was fraudulently named as a defendant for the purpose of defeating Federal diversity jurisdiction.

12. Walmart Real Estate Business Trust is an Arkansas trust with its principal place of business in Bentonville, Arkansas.

13. Accordingly, Plaintiff is diverse from the properly joined Walmart Defendants.

14. As stated above, Plaintiff named Rich Faulk as an individual defendant in this matter in a fraudulent attempt to defeat Federal diversity jurisdiction.

15. In the Complaint, Plaintiff makes boiler plate accusations against Faulk that make no connection between Faulk and the cause of Plaintiff's injuries.

16. Plaintiff avers that Faulk "…was personally aware of the risks of product protruding into the walk isles [sic]…" *See* Exhibit "A" ¶ 17.a.

17. Plaintiff does not aver any facts connecting Faulk to a puddle of water, which is the condition plaintiff alleges caused the incident.

18. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

19. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe,* 448 F.3d at 216.

20. "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) (*citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

21. Joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Arndt v, Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. March 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

22. Although Defendant Faulk was employed by Walmart at the time of the alleged incident, he did not own, occupy, operate, maintain, or control the subject premises.

23. Faulk has no connection by act or omission with the condition that plaintiff avers caused his injuries – a puddle of water.

24. Under Pennsylvania law, an individual manager of an entity cannot be liable for the corporation's negligence unless he took part in the commission of the tort. *See Wicks v. Milzoco Builders Inc.,* 503 Pa. 614, 621-22, 470 A.2d 86, 90 (Pa. 1983).

25. Inasmuch as Plaintiff does not even allege any connection between Faulk and the puddle of water, there is no reasonable basis for Plaintiff's claim against Faulk in his individual capacity.

26. Therefore, Faulk's inclusion in this lawsuit does not destroy diversity of citizenship. *See In re Diet Drugs,* 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

27. Fraudulently joined parties need not consent to removal. *See Arndt*, 2014 U.S. Dist. LEXIS 28629 at *8-9 (stating that the "unanimity rule may be disregarded if a defendant has been fraudulently joined").

28. Accordingly, Plaintiff is diverse from the properly joined Defendants, and the requirements for removal based on diversity of citizenship are satisfied.

**B. THE AMOUNT IN CONTROVERSEY EXCEEDS $75,000 EXCLUSIVE OF INTERESTS AND COSTS**

29. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

30. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

31. As described herein, Plaintiff averred in his Complaint that the value of damages claimed exceeds $75,000.

32. Based on the foregoing, including Plaintiff's allegations of severe and permanent injuries and Plaintiff's demand for an undisclosed amount of compensatory damages valued in excess of $75,000, the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

33. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

**WHEREFORE**, Removing Defendants respectfully request that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, P.C.**

Dated:   October 25, 2022     By:     */s/ J. Michael Kvetan*
                                      J. Michael Kvetan, Esquire
                                      Attorney ID No. 80229
                                      Patrick J. McDonnell, Esquire
                                      Attorney I.D. No. 62310

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCOS GARCIA : | |
| : | CIVIL ACTION No.: |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| : | |
| WALMART STORES EAST, LP : | |
| RICH FAULK : | |
| WALMART REAL ESTATE BUSINESS TRUST : | |
| : | |
| Defendants. : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, J. Michael Kvetan, Esquire hereby certify that the Notice of Removal on behalf of the Defendants Walmart Stores East, LP, Rich Faulk, and Walmart Real Estate Business Trust was filed electronically with the Court and is available for viewing and downloading from the ECF System. A copy was also served electronically and by first class mail on this date on the following persons:

Marc I. Simon, Esquire<br>
Simon & Simon, PC<br>
18 Campus Boulevard, Suite 100<br>
Newtown Square, PA 19073<br>
<i>Attorney for Plaintiff</i>

                                            **MCDONNELL & ASSOCIATES, P.C.**

Dated:   October 25, 2022            By:   ___/s/ J. Michael Kvetan___
                                                                   J. Michael Kvetan., Esquire
                                                                   Attorney ID No. 80229
                                                                   *Attorney for Walmart Defendants*