# EXHIBIT A

Filed and Attested by the
Office of Judicial Records
16 SEP 2022 11:01 am
E. HAURIN

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
| BY: | Marc I. Simon, Esquire | Christopher Green, Esquire |
| | Joshua A. Rosen, Esquire | Kane Daly, Esquire |
| | Matthew J. Zamites, Esquire | Brittany Sturges, Esquire |
| | Brian F. George, Esquire | Kelly Peterson, Esquire |
| | Andrew Baron, Esquire | Roman Galas, Esquire |
| | Joshua Baer, Esquire | Christopher Burruezo, Esquire |
| | Michael K. Simon, Esquire | Anthony Canale, Esquire |
| | Sam Reznik, Esquire | Sam Gangemi, Esquire |
| | Mary G. McCarthy, Esquire | Blaise Richards, Esquire |
| | Harry Gosnear, Esquire | Abigail Boyd, Esquire |
| | Daniel Ward, Esquire | Ari Sliffman, Esquire |

Attorney ID No.'s:                              ***Attorneys for Plaintiff***
*201798*
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

---

| | |
|---|---|
| Marcos Garcia | COURT OF COMMON PLEAS |
| 233 N 6th St. | PHILADELPHIA COUNTY |
| Reading, PA 19601 | |
|                     Plaintiff | September Term 2022 |
| v. | |
| | No. |
| Walmart Stores East, LP | |
| 5900 Perkiomen Ave. | |
| Reading, PA 19606 | |
|                     And | |
| Rich Faulk | |
| 5900 Perkiomen Ave. | |
| Reading, PA 19606 | |
|                     And | |
| Walmart Real Estate Business Trust | |
| 702 S.W. 8th St. | |
| Bentonville, AR 72712 | |
|                     Defendants | |

Case ID: 220901450

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone:  (215) 238-6300**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono:  (215) 238-6300**

Case ID: 220901450

**COMPLAINT**

1. Plaintiff, Marcos Garcia, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption of this Complaint.

2. Defendant, Walmart Stores East, LP, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 5900 Perkiomen Ave., in Reading, PA.

3. Defendant, Rich Faulk, is a resident of the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 5900 Perkiomen Ave., in Reading, PA.

4. Defendant, Walmart Real Estate Business Trust, is a business entity registered to do business in the State of Arkansas, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 5900 Perkiomen Ave., in Reading, PA.

5. Upon information and belief, Defendant regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

6. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care

Case ID: 220901450

and control of the premises located at 5900 Perkiomen Ave., in Reading, PA, referred to hereinafter as "the premises."

7. On or about November 15, 2021, at approximately 2:45 p.m., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9. On or about November 15, 2021, while on Defendants' premises Plaintiff was caused to slip and fall on a puddle of water that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

## COUNT I
### Marcos Garcia v. Walmart Stores East, LP
### Negligence

11. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

   a. Failure to clean up the puddle of water;

   b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

   c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g.  Failure to exercise the proper care, custody and control over the aforesaid premises.

12. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the forearm, as well as a sprained left wrist, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Marcos Garcia, demands judgment in Plaintiff's favor and against Defendant, Walmart Stores East, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

<u>**COUNT II**</u>
**Marcos Garcia v. Rich Faulk**
**Negligence**

17. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

   a. Defendant Rich Faulk was **personally aware** of the risks of product protruding into the walk isles;

   b. Defendant Rich Faulk **personally knew** about the floor and product safety guidelines required by Defendant Walmart;

   c. Defendant Rich Faulk **knew** that in order to prevent injuries such as the incidents sustained by Plaintiff, employees employed by defendant would have to be qualified and be property trained—all of which were his responsibility;

   d. Defendant Rich Faulk **knew** that Defendant Walmart should have personnel inspecting the floors and product on the shelves to prevent injuries such as the ones sustained by Plaintiff.

   e. Despite the **knowledge** of the aforesaid, Defendant Rich Faulk chose to:

i. Fail to properly store/move the dangerous condition;

ii. Fail to implement Defendant Walmart's Policies and procedures related to floor safety;

iii. Fail to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

iv. Fail to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

v. Fail to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

vi. Fail to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

vii. Fail to provide adequate safeguards to prevent the injury to Plaintiff;

viii. Fail to exercise the proper care, custody and control over the aforesaid premises.

ix. Fail to exercise the proper care, custody and control over the aforesaid premises;

x. Fail to follow internal Walmart safety protocols;

xi. Fail to properly train employees; and

xii. Negligently manage of the premises;

18. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the forearm, as well as a sprained left wrist, all to Plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Marcos Garcia, demands judgment in Plaintiff's favor and against Defendant, Rich Faulk, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
**Marcos Garcia v. Walmart Real Estate Business Trust**
**Negligence**

23. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

    a. Failure to clean up the puddle of water;

    b. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    f. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    g. Failure to exercise the proper care, custody and control over the aforesaid premises.

24. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the forearm, as well as a sprained left wrist, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Marcos Garcia, demands judgment in Plaintiff's favor and against Defendant, Walmart Real Estate Business Trust, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

/s
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

Case ID: 220901450

## **VERIFICATION**

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

*Marc Simon*
_____
Marc I. Simon

Case ID: 220901450

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

M Garcie

A4A230DF4829420...

Case ID: 220901450